W. P. TINKHAM, Respondent, v. FERDINAND SATORI, Appellant.

Kansas City Court of Appeals, April 27, 1891.

1.   Construction: RULES AS TO PENALTY OR LIQUIDATED DAMAGES. The calling therein of money deposited under the terms of a contract, a forfeiture or penalty will be considered in determining whether it is a penalty or liquidated damages.  Yet the contract

will be interpreted by the test of the intention of the parties as gathered from the other provisions of a contract, its subject-matter, the situation of the parties, the course and usage of business and the particular language used. The impossibility of computing the actual damages where the word "penalty" is used will not prevent the sum named being regarded as liquidated damages ; and generally if the damages be readily ascertained, or the intention of the parties doubtful, the sum named will be deemed a penalty ; but if the intention is clear to fix the damages, it will be regarded a liquidated damages, though disproportionate and inequitable. If a larger sum is provided to pay a less one in the future, the larger one will be regarded as a penalty in the respect to the excess over legal interest, whatever be the language used ; but where there are several stipulations, the damages for the breach of which, independently of the sum named, are uncertain and difficult to ascertain, the sum agreed upon is to be treated as liquidated damages.

2. Contract: AGREEMENT TO CONVEY LAND : CONSTRUCTION : PENALTY. A contract to convey real estate provided that, if the buyer failed to comply with its requirements on his part within, etc., then the aforesaid deposit of $100 should be forfeited to the seller ; but, for this cause, the contract shall not cease to be operative as between the parties thereto. Held, that the $100 is a penalty.

*Appeal from the Jackson Circuit Court.* — HON. R. H. FIELD, Judge.

AFFIRMED.

W. N. Pickard, for appellant.

(1) The damages are stipulated in the contract and this action cannot be sustained. The clause, "but for this cause this contract shall not cease to be operative as between the parties hereto," makes it other than an option contract, but does not change the effect of the fact that the damages are agreed upon or stipulated. *Morse v. Rathburn*, 42 Mo. 594 ; 1 Sutherland on Damages [ Ed. 1884 ] pp. 479, 504, 513, 519. (2) Where a contract, in which the damages to be ascertained growing out of a breach are uncertain in amount, the courts favor stipulated damages, and contracts for the sale of

real estate are held to be in this class. 1 Sutherland on Damages, pp. 504–6; 1 Pomeroy's Equity Jurisprudence, sec. 442 (see note); *Morse v. Rathburn*, 42 Mo. 603; *Dwinel v. Brown*, 54 Me. 468; *Linde v. Thompson*, 2 Allen, 456; *Bagley v. Peddie*, 16 N. Y. 469; *Davis v. Freeman*, 10 Mich. 188; *Wolf v. Schultz*, 71 Pa. St. 180; *Jones v. Binford*, 74 Me. 439; *Easton v. Canal Co.*, 13 Ohio, 79; *Geiger v. Railroad*, 41 Md. 4.

*Scarritt & Scarritt*, for respondent.

(1) The forfeiture of the $100 deposited as part of the consideration at the time the contract was executed is no bar to this action. The contract clearly provides for a forfeiture or penalty for breach of the contract on the part of the buyer, and the parties have not agreed upon and stipulated the amount of damage sustained by either in case of a breach of their contract. In determining what is liquidated damages, the intent of the parties, as collected from the entire instrument and the surrounding circumstances, should control. *Richards v. Edict*, 17 Bark. 257; 2 Greenleaf on Ev. [14 Ed.] secs. 257, 258, 259; *Foley v. McKeegan*, 66 Am. Dec. 107; *Long v. Towl*, 42 Mo. 545; *Potter v. McPherson*, 61 Mo. 240; *Shield v. McNitt*, 9 Paige (N. Y.) 101; 1 Suth. on Dam. 529; *Gray v. Crowley*, 18 John. 219; *Lansing v. Dodd*, 45 N. J. L. 525; *Farrar v. Beeman*, 63 Tex. 175; Sedg. on Meas. Dam., p. 424; *Love v. Peers*, Barr. 2225. (2) Amount of recovery is not limited to the amount of the penalty. *Foley v. McKeegan*, 4 Ia. 1; 66 Am. Dec. 107; *Sheve v. Brenton*, 51 Pa. St. 175; *Prest v. Wallis*, 2 Dal. 252; *Noyes v. Phillips*, 60 N. Y. 408; *Davis v. Gillett*, 52 N. Y. 126; *Nowlen v. Pine*, 40 Ia. 166. (3) The measure of plaintiff's damages was the difference between the balance of the purchase price unpaid and the market value of the land on the day that the contract should have been performed. *Gray v. Case*, 51 Mo. 463;

*Griswold v. Sabin,* 51 N. H. 167; *Porter v. Travis,* 40 Ind. 556; *Meason v. Kaine,* 66 Pa. St. 126.

ELLISON, J.—This action is based on a contract for the conveyance of real estate, upon which the buyer paid $100, and afterwards failed to comply with the contract. That portion necessary to notice is as follows:

"If the title is found to be defective, the seller agrees to have the defects in it rectified within a reasonable time, which is not to exceed thirty days from the date at which the transfer of the property is to be consummated under this contract; but in case such defects in the title cannot be cured or remedied within that period, and no extension of time is had between the parties, this contract is to be null and void, and the said sum of $100, deposited as aforesaid, is to be returned to the buyer. If, though the title be good and the seller has kept his part of this contract, the buyer fails to comply with its requirements on his part, within twenty days after being furnished with the abstract of title, then the aforesaid deposit of $100 shall be forfeited to the seller; but, for this cause, this contract shall not cease to be operative as between the parties hereto."

The judgment was for plaintiff, and defendant, the buyer, appeals.

The question for our decision is this: Shall the "deposit of $100" be taken as a penalty or as liquidated damages? It is called a forfeiture or penalty in the contract, and, while the designation given by the parties should receive its consideration, that consideration will be readily borne down by the evident intention of the parties. So contracts presenting this question will be interpreted, like most other contracts, by the test of the intention of the parties. So, though the contract should affirmatively declare the sum named to be liquidated damages, it may be held to be a penalty; and this, even though there are negative words to the effect that it shall not be considered a penalty. Rules for the

construction of such contracts which commend themselves to my mind are found in *Dwinell v. Brown*, 54 Maine, 468. It is there said: "*First.* The words 'penalty,' 'forfeiture' or 'liquidated damages' are not conclusive, and the court will examine the other provisions of the contract, its subject-matter, the situation of the parties and the course and usages of trade, as well as this particular language, and gather the intention of the parties from the whole taken together. If it is impossible or difficult to compute the actual damages, the use of the word 'penalty' will not prevent the court from regarding the sum named in the contract as liquidated damages. If, on the other hand, it would produce manifest wrong, or be clearly absurd to treat the sum named as 'liquidated damages,' in that light the use of that term will not conclude the court from construing it as a penalty. *Second.* Generally, if the actual damages can be readily ascertained, or if the intention of the parties is doubtful, the sum named will be deemed a penalty; but, if it is clearly the intention of the parties to fix the amount of the damages, the sum specified will be regarded as liquidated damages, though it should seem disproportionate and inequitable. *Third.* If the instrument provides for the payment of a larger sum in future to pay a less one, the larger sum will be regarded as a penalty in respect to the excess over the legal interest, whatever be the language used; and if the contract consists of several stipulations, the damages for the breach of which, independently of the sum named in the instrument, are uncertain and cannot well be ascertained, the sum agreed upon is to be treated as liquidated damages."

While, after considering the dissenting opinion in that case, I have some misgivings as to the application of the rules to the contract interpreted, yet the rules there stated are substantially repeated in the cases of *Morse v. Rathburn*, 42 Mo. 603; *Linde v. Thompson*, 2 Allen, 456; *Jones v. Binford*, 74 Maine, 439. From the fact that

liquidated damages are enforced to the letter, as being a legal exercise of a right of the contracting parties, though great hardships ensue, the courts, when they can consistently do so, incline to construe such provisions as penalties ; the latter being within, and the former beyond, their control. *Lansing v. Dodd*, 45 N. J. L. 525 ; *Farrar v. Beeman*, 63 Texas, 175. And the burden, therefore, lies on him claiming liquidated damages to show such was the intention of the contracting parties. 2 Greenleaf, Ev., sec. 257. From the clear bearing and leaning of all the authorities on the subject, I should say that, if after a full consideration, a substantial doubt as to the intention of the parties exists, it should be resolved in favor of the sum named being a penalty.

Applying these rules and principles to the contract in question, I conclude that the $100, named as being forfeited in the event defendant failed to perform his contract, is a penalty. It is declared to be a forfeiture and, though this would count for little against a manifest intention to the contrary, yet it is, I conceive, borne out by the expressed intention ; for the contract reads, "but for this cause this contract shall not cease to be operative as between the parties hereto." The words, "this cause," evidently refer to the forfeiture. So that the contract, in effect, reads that, notwithstanding the forfeiture, the contract shall continue its obligations upon the defaulting party, among which is whatever legal damages may result by the breach.

The plaintiff recovered more than the penalty named in the contract. But it being a sum named in the agreement containing the contract of the parties, the plaintiff may elect to sue for the penalty or for a breach of the contract. If he elects to take the latter course he is not confined, in the amount of his damages, to the penalty, but he may be allowed beyond that sum. *Foley v. McKeegan*, 4 Iowa, 1; *Noyes v. Phillips Co.*, 60 N. Y. 408, and cases cited. This rule would be different, were that action on a collateral bond with a penalty conditioned

for the performance of the contract. "In that case the penalty would be taken as the limit fixed by the parties." Authorities, *supra*.

It follows the judgment should be affirmed. All concur.