SAMUEL J. HAMAKER, ADMINISTRATOR OF D. W. HAMAKER, DE-
CEASED, Appellant, v. D. G. SCHROERS et al., Respondents.

1. *Bond — Penalty — Liquidated damages—Question one of intent.*—Whether
a sum inserted in an instrument, to be paid in case of breach, is to be regarded
as a penalty or liquidated damages, must be determined by the nature of the
contract and its provisions.  If the whole scope of the writing shows that it
is intended as a penalty, it will be so treated, without reference to any par-
ticular language the parties may have used.
2. *Bond — Agreements and conditions of — Liquidated damages.* — A. entered
into a contract with B., by the terms of which A. agreed to.deliver to B. 100
grain and seed drills of a particular pattern, within a specified time.    The
full contract price of the drills was $1,600, and A. was to be at the whole
expense of getting them up.    As an indemnity, and to guarantee the faithful
performance of the contract, he executed and delivered a bond in the sum of
$1,600, conditioned that he would fully comply with the agreement.  *Held*,
that the amount named in the bond should be treated as a penalty, and not as
liquidated damages.

*Appeal from Buchanan Court of Common Pleas.*

*Everett & Reed*, for appellant.

I.    At the time the contract was made the parties could make
no exact computation of the damages resulting from non-perform-
ance.    Hence they had the right to liquidate their damages.  (3
Pars. Cont. 159 ; 17 Ind. 12.)

II.    The contract contained but a single covenant, as is evident
from the fact that it would be entirely performed by the delivery
to plaintiff of the 100 machines (21 N. Y. 256 ; 2 Allen, 460),
and that one covenant was entirely broken.    In such cases the
amount specified is recoverable as liquidated damages.  (19 Barb.
388 ; 48 Penn. 450 ; 6 Blackf. 207; 2 Allen, 460 ; 31 Mo. 52.)

III.    Admitting that the contract contained several covenants,
a position contended for by defendant's counsel, still they all

sound in uncertain damages ; and in such cases even the sum agreed upon by the parties is to be deemed liquidated damages. (17 Ind. 10 ; 13 Gray, 42 ; 16 N. Y. 469 ; 5 Seld. 551 ; 18 Barb. 336 ; 12 Barb. 147; 11 Barb. 127; 10 Barb. 60 ; 48 Penn. 455 ; 17 Wend. 447; 22 Wend. 201 ; 11 Ind. 70 ; 19 D. Smith, 573 ; 1 Ind. 149 ; 11 Ind. 273 ; 31 Mo. 52.)

IV. It is well established that courts will not interfere with the amount agreed upon by the parties, provided the damages do not assume the character of gross extravagance, or of wanton and unreasonable disproportion to the nature or extent of the injury. And in this case the defendants bound themselves in the very same sum at which the work and materials they were to give plaintiff were valued. (2 Sto. Eq., § 1318.)

*J. P. Grubb*, for respondents.

WAGNER, Judge, delivered the opinion of the court.

The court properly declared the law in reference to the character of the bond, and held that the damages therein provided for were not in the nature of liquidated or stated damages. Where the parties have agreed that in case one of them shall do a stipulated act, or omit to do it, the other party shall receive a certain sum as the just, appropriate and conventional amount of damages sustained by such act or omission, courts will not interfere to grant relief, but will deem the parties entitled to fix their own measure of damages, provided that the damages do not assume the character of gross extravagance, or of wanton and unreasonable disproportion to the nature and extent of the injury; and whether a sum inserted in an instrument, to be paid in case of breach, is to be regarded as a penalty or liquidated damages, must be determined by the nature of the contract and its provisions. If the whole scope of the writing shows that it is intended as a penalty, it will be so treated, without reference to any particular language the parties may have used. (Morse v. Rathburn, 42 Mo. 594, where the authorities are cited and examined.)

By the record in this case it appears that the plaintiff's intestate entered into a contract with the defendant in which, for the

sum of $1,600, the defendant agreed to deliver to him 100 grain and seed drills of a particular pattern, within a specified time. As an indemnity to the plaintiff's intestate, and to guarantee the faithful performance of the contract, the defendant on his part, with others as his sureties, executed and delivered a bond in the sum of $1,600, in which they bound themselves that the defendant should fully comply with the agreement. The bond is in the usual and ordinary form of such instruments. The case was submitted to the court on an agreed statement, and the only question was whether the damages were liquidated and agreed upon by the parties, or whether the bond was to be treated as a penalty. There was no proof of actual damages, and the court awarded nominal damages only.

The parties, when they executed this bond, surely did not intend that the whole $1,600 should be paid at all events, upon any breach or failure to comply with the agreement. Suppose the defendant had made and delivered ninety drills and omitted to make and deliver the other ten, it will hardly be believed that in such case he would be liable to pay, on account of his omission, the whole sum designated in the bond. Yet, for aught that appears in the record, such may be the fact. Did he fail to deliver any, the damages could be easily ascertained and computed; but certainly they would not be the whole amount of the value of the drills, the labor and the materials, all of which the defendant was to furnish. By recurring to the agreement, it can never be presumed that the parties had the sum in view as the measure of damages. The full contract price for the drills was $1,600, and the defendant was to be at the whole expense of getting them up. It would be a strange construction to suppose that the plaintiff's damages, on a failure in fulfilling such a bargain, were fixed at the entire sum of the contract price.

The judgment is affirmed. Judge Bliss concurs. Judge Adams absent.