PARLIN & ORENDORFF COMPANY, Defendant in Error, v. W. W. BOATMAN, Plaintiff in Error.

### Kansas City Court of Appeals, April 2, 1900.

1. **Corporations: DOING BUSINESS IN STATE: PLEADING: DEFENSE.** A foreign corporation in order to maintain an action arising out of transactions in this state does not have to show its compliance with the statute relating to certificates to do business in the state; non-compliance is a matter of defense to be pleaded in bar.

2. **Contracts: DIFFERENT INSTRUMENTS: EVIDENCE.** A contract may be contained in several instruments and all may be read in evidence for the purpose of arriving at the true intent of the parties: and the two instruments mentioned in the opinion are held to be but one contract properly admissible in evidence though the petition declared on a single contract.

3. **———: APPROVAL BY PRINCIPAL: WAIVING GUARANTEE BOND.** A contract between a travelling salesman and a merchant provided for the principal's acceptance to make it binding. His letter to the merchant expressing appreciation of the order and wishing him a nice trade in the goods was a sufficient acceptance; and the principal's subsequent waiver of a guarantee bond provided for in the contract and which the merchant failed to give, can not abrogate the contract.

Parlin & Orendorff Co. v. Boatman.

4. ————: PENALTY: LIQUIDATED DAMAGES. A contract provided that the goods ordered were not to be countermanded except on payment of twenty per cent of the net amount thereby purchased as liquidated damages: Held, this was a provision for a penalty and not liquidated damages since the amount is unreasonably disproportionate to the nature and extent of the injury complained of.

5. ————: MEASURE OF DAMAGES: REFUSAL TO RECEIVE PURCHASED GOODS. The measure of damages for refusal to receive purchased goods is the difference between the contract price and the market price at the place of delivery.

Error from the Boone Circuit Court.—*Hon. J. A. Hockaday,* Judge.

REVERSED AND REMANDED.

*Turner & Hinton* for plaintiff in error.

(1) Since the petition disclosed that the plaintiff was a foreign corporation engaged in business in this state, it was fatally defective in failing to allege a state of facts showing its right to carry on business here. Laws of 1891, p. 75; Blevins v. Fairley, 71 Mo. App. 259. (2) The petition in this case declared upon a single written contract of purchase, by which, it is alleged, the defendant ordered and bought of the plaintiff certain agricultural implements, etc., to the amount of $829.74. These two orders or contracts differed widely in their terms and provisions, except as to the twenty per cent penalty clause, which was the same in each. The action of the court in admitting both of these alleged contracts in evidence, was, we submit, clearly erroneous. Hoagland v. Railway, 39 Mo. 451; Watkins v. Pierce, 10 Mo. App. 595; Harris v. Railway, 51 Mo. App. 125. (3) It is an elementary rule of the law of contracts that an offer to purchase can only become a contract by an unconditional acceptance which must be communicated to the other party; and that the offer may be withdrawn at any time before such

an acceptance. Cangas v. Mfg. Co., 37 Mo. App. 297; James v. Fruit Jar Co., 69 Mo. App. 207, loc. cit. 218; Robinson v. Railway, 75 Mo. 494; Martin v. Wilms, 61 Ill. App. 108; Machine Co. v. Criswell, 58 Mo. App. 471.   (4) The twenty per cent clause in the two orders in controversy was a penalty pure and simple, and in the absence of any evidence of actual damage, the plaintiff could not recover more than nominal damages.   Cochran v. Railway, 113 Mo. 359; Potter v. McPherson, 61 Mo. 240.

*George Robertson* for defendant in error.

(1) So far as the provisions of the Act of 1891, p. 70, is concerned, the evidence discloses that it has a general office in this state and did have at the time, and while in the trial of the cause this act was not mentioned or thought of there is nothing disclosed but that all the parts of this act have been fully complied with.   (2) The testimony disclosed that both contracts were made and accepted as one transaction, and the only reason they were signed separately is because they included a different quality of goods.   Where two or more contracts relating to the same subject-matter are executed at the same time they form but one contract. Sexton v. Anderson, 95 Mo. 373; Jennings v. Todd, 118 Mo. 296; Water Co. v. City of Aurora, 129 Mo. 540; MacDonald v. Wolff, 40 Mo. App. 302.   (3) The contract was complete.   It was signed by Boatman at Centralia and the traveling salesman, Arnett, subject to the approval of the plaintiff, and when it was approved the contract was complete.   Overton v. Curd, 8 Mo. 420; Wire Mfg. Co. v. Broderick, 12 Mo. App. 379; Stotesburg v. Massengale, 13 Mo. App. 221; Robinson v. Railway, 75 Mo. 494.   For further cases upon acceptance and completion of contract see Moyes v. Ins. Co., 1 Mo. App. 585; Lungstrauss v. Ins. Co., 48 Mo. 201.   (4) The contract provided for liquidated damages

and the twenty per cent named is the measure of plaintiff's recovery.   Gower v. Saltmarsh, 11 Mo. 271; Basye v. Ambrose, 28 Mo. 39; Hamaker v. Schroers, 49 Mo. 406; Morse v. Rathburn, 42 Mo. 594; Walker v. Engler, 30 Mo. 131; Cochran v. Railway, 113 Mo. 359; Tinkham v. Satori, 44 Mo. App. 659.

SMITH, P. J.—On January 27, 1898, the plaintiff's traveling salesman entered into two written contracts with defendant, by the former of which the plaintiff sold defendant certain plows therein described at the prices therein specified, and by the latter of which the plaintiff sold the defendant certain vehicles therein described at the prices therein specified.   The two sales in the aggregate amounted to $829.79.   It was provided in each of the contracts that the defendant agreed "not to countermand this order except on payment of twenty per cent of the net amount of goods hereby purchased as liquidated damages."   There was also the further provision that the contract should not be binding unless accepted by the plaintiff.   Subjoined to each of the orders was the following:   "On receipt of guarantee bond from you I agree to furnish my father-in-law Wm. La Grass, of Salisbury, Mo., as guarantor.   (Signed).   W. W. Boatman."

Afterwards, on January 31, the plaintiff wrote to the defendant informing him of the receipt of the contract and that it appreciated the order given its traveling salesman and expressed a hope that he would have a nice trade on its goods, and also inclosing the guarantee bond for the signature of the defendant's father-in-law.

On the first day of February following, the defendant wrote to plaintiff acknowledging the receipt of the guarantee bond and declining to have his father-in-law sign it.   In the same connection defendant wrote the plaintiff that he canceled the orders given the latter's salesman.   On February

Parlin & Orendorff Co. v. Boatman.

2, the plaintiff replying to the defendant's letter of February 1, stated that the bond sent him was the form in customary use in cases of the kind, but if there was any particular feature about it that was objectionable to him, that if he would advise it (plaintiff) as to what it was, that it had no doubt it could be made satisfactory. Plaintiff inquired how it would suit defendant to have his father-in-law write a letter to it stating that he would guarantee the fulfillment of the latter's contract. On February 3, the defendant wrote acknowledging the receipt of the last preceding letter and saying that he thought it best to cancel his order and to note the same without further communication. On February 5, the plaintiff again wrote defendant that it was willing to do whatever was right in the matter and that it would send its traveling salesman to see him the next week, and not to close any deals until then. On February 7, the defendant wrote plaintiff that its traveling salesman had called to see him and that he saw no reason why he should change his previous instruction to cancel the order. On February 8, the plaintiff wrote the defendant advising him of the receipt of the last preceding letter and also that it was going to either ship the goods ordered or to bring suit for twenty per cent liquidated damages under the contract. The defendant was therein further advised that: "We now tender the goods to you and we are now ready to fill the contract. If you desire to be released from the contract then we demand the twenty per cent of the amount for liquidated damages for doing so." The defendant replied to this by stating that he had previously notified it of the cancellation of the order and that he would not receive the goods, etc.

The plaintiff is an Illinois business corporation.

This suit was brought on the contract to recover the twenty per cent damages. The plaintiff had judgment for $165 and defendant appealed.

The defendant objects that since the plaintiff's petition discloses that it is a foreign corporation engaged in business in this state that it is fatally defective in failing to allege that it has complied with the requirements of the statute enabling it to do business in this state.    It is sufficient answer to this to say that it has been held by courts of the very highest respectability that in cases where the complaint of a foreign corporation is silent, as here, on the subject, it will be presumed on demurrer that it has complied with the requirements of the statute enabling it to do business within the state.    Shargin v. Cuttler, 106 Ind. 242; Nichols v. Building Ass'n, 93 Va. 380.    It is not incumbent upon a foreign corporation in order to maintain an action brought by it to show that it has complied with the statute and obtained a certificate of authority to do business.    Noncompliance with the law is a matter of defense to be pleaded in bar. . Langworthy v. Gauding (Minn.), 77 N. W. Rep. 207.    Accordingly, this point must be ruled against defendant.

II.    The defendant next objects that the court erred in permitting both of said contracts to be given in evidence, since the petition declared on a single contract of purchase. This objection is not well taken.

It is a well-recognized rule of law that a contract may be contained in several instruments, which if made at the same time, between the same parties in relation to the same subject-matter, and for the purpose of arriving at the true intention of the parties all the instruments will be read as one and the recitals may be explained or limited by reference to the others, and it is not necessary that the instruments should in terms refer to each other.    Sexton v. Anderson, 95 Mo. 373; MacDonald v. Wolff, 40 Mo. App. 302.

It is clear that the two contracts referred to related to but one transaction, and according to the rule just stated

must be construed to be but one contract. Such contracts were therefore properly received in evidence under the allegations contained in the petition.

III. The plaintiff's letter of January 31 discloses, in effect, an approval by it of the contracts as made by defendant, for else why did it inclose the guarantee bond for execution and express its appreciation of defendant's order, and hope that the latter would "have a nice trade on our line of goods." The language of this letter clearly indicates that the plaintiff approved the contracts as made by defendant and its traveling salesman. The contract was thereby completed. That *aggregatio mentum* which was necessary to form the contract was thus established. Nothing more was required. James v. Fruit Jar Co., 69 Mo. App. 207; Stotesburg v. Massengale, 13 Mo. App. 221. The order was after that beyond the defendant's recall. He could not overthrow the contract after this by demanding a cancellation of the order therein contained.

The defendant's refusal to give the promised guarantee bond could not have the effect to abrogate the contract which had been previously entered into. At most, the giving of it was but a condition subsequent, the performance of which the plaintiff could waive if he chose to do so. The correspondence not only shows a willingness on the part of the plaintiff to waive its performance but that it did waive it. It offered to ship the goods contracted for without the bond. This it had the undoubted right to do. It seems to us that the written correspondence established an unconditional acceptance of the order and that the promise to give the bond was not an essential part of the contract. The giving of the guarantee bond not being a condition precedent the failure on defendant's part to perform the same could not have the effect to do away with the obligations contained in the principal contract. And this seems to have been the view

of the court as appears from the instructions given for the plaintiff, which we think were correct in expressions of the law in that regard.

IV. The final contention of the defendant is, that the twenty per cent clause in the contract was a penalty, and that since there was no evidence adduced of actual damages, the plaintiff's recovery should have been limited to nominal damages.

In determining whether a stipulation in a contract providing for the payment of a fixed sum as a compensation for the breach of a contract is a penalty or liquidated damages, the mere designation does not necessarily exert a controlling influence. "The true question is whether or not, in view of the actual breach complained of, the sum specified in the contract is to be fairly regarded as a penalty or as a fair measure of the real damage in the estimation of the parties most familiar with the probable effects of the breach." (May v. Crawford, 142 Mo. 402); or, as said in Hamaker v. Schroers, 49 Mo. 406: "Where parties have agreed that in case one of them shall do a stipulated act, or omit to do it, the other shall receive a certain sum as the just, appropriate and conventional amount of damages sustained by such act or omission, courts will not interfere to grant relief, but will deem the parties entitled to fix their own measure of damages, provided that the damages do not assume the character of gross extravagance, or of wanton and unreasonable disproportion to the nature and extent of the injury; and whether a sum inserted in an instrument, to be paid in case of breach, is to be regarded as a penalty or liquidated damages, must be determined by the nature of the contract and its provisions. If the whole scope of the writing shows that it is intended as a penalty, it will be so treated, without reference to any particular language the parties may have used."

And where the agreement secures the performance or omission of various acts which are not measurable by any exact pecuniary standard, together with one or more acts in respect of which the damages on a breach of contract are readily ascertainable by a jury and there is a sum stipulated as damages for a breach of any one of the covenants such sum is to be regarded as a penalty merely. Bayse v. Ambrose, 28 Mo. 39; Moore v. Platte Co., 8 Mo. 467; Cochran v. Railway, 113 Mo. 359. The decisive question then is, whether or not the amount of damages fixed by the stipulation is unreasonably disproportionate to the nature and extent of the injury complained of.

The defendant entered into a contract with the plaintiff for the purchase of the latter's goods to the amount of $829.65 and expressly stipulated that in the event he countermanded his order therefor that he would pay twenty per cent damages on the amount of his said purchase. We must think that the stipulation was intended as a penalty to compel the performance of the contract and not an agreement for said per cent as stipulated damages. The stipulation did not relate to the performance or nonperformance of various acts but to a single act.

If the defendant refused to receive the goods purchased, as was the case, the measure of plaintiff's damages would ordinarily be the difference between the contract price and the market price of similar goods at the place where they were to be delivered, or, if there was no market price there, then at the nearest available market, less the expense of transportation. Cobb v. Whitsett, 51 Mo. App. 146. The case in respect to the probable actual damages that the plaintiff sustained by reason of the breach of the twenty per cent clause of the contract is so simple that the same can be accurately determined by a jury under proper guiding instructions of the court.

It must be obvious that the stipulated damages are not in reasonable proportion to the nature and extent of the injury. It is inconceivable how the plaintiff could have been damaged in the sum of one hundred and sixty-five dollars and ninety-five cents by reason of the recall by defendant of the order for the plaintiff's goods amounting to $829.65. It follows from the foregoing observations that the court erred in giving the plaintiff's eighth instruction, and in refusing that of the defendant of like number.

The judgment will accordingly be reversed and cause remanded. *Ellison, J.,* concurs; *Gill, J.,* not sitting.