## NICHOLS AND SHEPARD COMPANY, Appellant, v. M. N. BEYER, Respondent.

Springfield Court of Appeals, March 3, 1913.

1. **CONTRACTS: Forfeiture Stipulations: Construction of.** In construing forfeiture stipulations in a contract, the court is guided by the subject-matter and the intention of the parties and scrutinizes the terms and conditions with which the forfeiture stipulation is associated.

2. ———: **To Compensate or Deter a Breach.** And the entire contract is examined and the surrounding circumstances of the particular case are considered, to determine whether the sum was inserted after an endeavor on the part of the contracting parties to fix the compensation in case of a breach or whether it was intended merely to deter a breach.

3. ———: **Courts Favor Penalty Construction.** In ordinary contracts the aggrieved party should recover no more than the amount of loss that he has suffered, hence the courts favor construing forfeiture stipulations to be penalties rather than liquidated damages.

4. ———: **Liquidated Damages.** But when damages are to be sustained by the breach of a single stipulation and these damages are uncerain in amount and not readily susceptible of proof under the rules of evidence, if the parties have agreed upon a sum as the measure of compensation for such breach and that sum is not disproportionate to the presumable loss, it may be recovered as liquidated damages.

5. ———: ———: **Must be Reasonable.** In a contract of sale involving $3200, where only eleven days elapsed between the time of the acceptance of the contract and its breach, where nothing appears to have been done to have changed the status of the parties or the property during that time, *held*, it would be unreasonable to presume that the plaintiff suffered a loss of $480 and such sum would be unreasonable. The amount was an arbitrary sum inserted in the contract for the purpose of deterring a breach of said contract rather than compensating for a single breach.

Appeal from Newton County Circuit Court.—*Hon. Carr McNatt*, Judge.

AFFIRMED.

*Hubbert & Hubbert* for appellant.

(1) The contract in this case expressly established, by advance intentional stipulation, a permissible measure of damages for the optional abrogation of its other terms, and should not be construed as a mere penalty to compel performance. United States v. Bethleham Co., 205 U. S. 105, 51 L. Ed. 731; Keeble v. Keeble, 5 So. (Ala.) 149; 19 Am. & Eng. Ency. L. 418; Penie v. Weber, 47 Ill. 41; Ramlose v. Dohman, 100 Mo. App. 347; Machine Co. v. U. S., 45 Court of Claims Rep. 232; May v. Crawford, 150 Mo. 504. (2) The measure of damages specifically provided was well within the competence of the parties to the contract, which was free under the evidence, from any manifestation of fraud, compulsion, oppression or mistake, and therefore binding upon the parties; especially in view of the inherent uncertainties as to the actual damages which might accrue from breach. Sun. P. & P. Co. v. Moore, 183 U. S. 673, 46 L. Ed. 366; Krunkle v. Wherry, 42 Atl. (Pa.) 112; Calbeck v. Ford, 103 N. W. (Mich.) 516; Morse v. Rathburn, 42 Mo. 594. (3) Public policy concurs alike with the constitutional right of personal contract, and the stipulation of the contract accords with the fundamental equities, in requiring assessment of damages, according to the measure fixed thereby in advance. Guerin v. Stacey, 56 N. E. (Mass.) 892; In re Van Horn, 167 Fed. 1021; Madler v. Silverstone, 102 Pac. (Wash.) 165; Elston v. Roop, 32 So. (Ala.) 120; Long v. Furnas, 107 N. W. (Ia.) 432; Ahlers v. Harrison, 108 N. W. (Ia.) 331; Geiger v. Cawley, 109 N. W. (Mich.) 1064; Selby v. Matson, 114 N. W. (Ia.) 609; Howard v. Adkins, 78 N. E. (Ind.) 665; Werner v. Finley, 144 Mo.

App. 554.    (4)  The errors of the circuit court are manifest, under a line of sound decisions in this and other jurisdictions, which we now cite as illustrations of the application of correct principles, to like cases of distinctively liquidated "damage" contracts, as contrasted with distinctively "penalty" contracts, viz.: Distinctively liquidated damage contract cases:  Clement v. Cash, 21 N. Y. 253; Ahlers v. Harrison, 108 N. W. (Ia.) 331; Yoder v. Strong, 76 Atl. (Pa.) 176; Morse v. Rathburn, 52 Mo. 596, 602; Miller v. Smith, 67 S. W. (Tex.) 329; Machine Co. v. U. S., 43 Court of Claims Rep. 232; Womack v. Coleman, 93 N. W. (Minn.) 663; Moore v. Durman, 51 Atl. (N. J. Eq.) 449; Bank v. Burlington, 101 Pac. (Kan.) 649; Land Co. v. Maney, 48 Pac. (Wash.) 243; Calbeck v. Ford, 103 N. W. (Mich.) 516; Thompson v. Charles County, 227 Mo. 220.  Distinctively penalty cases contrasted: Basye v. Ambrose, 28 Mo. 39; Parlin & Orndorff v. Boatman, 84 Mo. App. 67, 89 Mo. App. 43.

*Horace Ruark* for respondent.

(1)  The contract in question will be held to be for a penalty and not liquidated damages, because the probable damages suffered by plaintiff can be easily ascertained by a jury under proper guiding instructions of the court, and the amount stipulated is largely in excess of the probable damages.  Buchanan v. Exposition Co., 149 S. W. 27; Parlin & Orendorff v. Boatman, 84 Mo. App. 67, 89 Mo. App. 43; Hall v. Shoe Co., 150 Mo. 483; Connley v. Priest, 72 Mo. App. 673; Bayse v. Ambrose, 28 Mo. 41; May v. Crawford, 150 Mo. 504; Zimmerman v. Conrad, 74 S. W. 139 (not officially reported); Muehlbach v. Railroad, 148 S. W. 453; Tea Co. v. Walter Co., 148 S. W. 1109; Cochran v. Railroad, 113 Mo. 359; Tinkham v. Satori, 44 Mo. App. 659; Hannaker v. Schrorers, 49 Mo. 406; Machine Co. v. Frank, 117 N. W. (Neb.) 229; Machine Co. v. Souders,

96 N. E. (Ind.) 177; Threshing Co. v. Diellian, 117 N. W. (Neb.) 231; Wagon Works v. Salmon, 68 S. E. (Ga.) 866; Implement Co. v. Tisser, 33 So. (Ala.) 818; 13 Cyc. 95; Sutherland on Damages, sec. 283; Merica v. Burgett, 75 N. E. (Ind.) 1083; Elmore v. Rugley, 107 S. W. (Tex.) 151; Squires v. Elwood, 49 N. W. 939; Clement v. River Co., 19 Atl. 274; Brennan v. Clark, 45 N. W. 472; Hathaway v. Lynn, 43 N .W. 956; Davis v. United States, 17 Court of Claims Rep. 201. (2) The burden does not lie upon respondent to show that the damages stipulated in the contract are unreasonable, but upon appellant to show that they are reasonable and that the contract provides a just measure of damages. For if the court is in doubt about the matter the doubt will be resolved in favor of holding the clause to be a penalty, and not liquidated damages. Parlin & Orendorff v. Boatman, 84 Mo. App. 75; Connelly v. Priest, 72 Mo. App. 673; Tinkham v. Satori, 44 Mo. App. 659; Potter v. McPherson, 61 Mo. 240; Gillilion v. Rollins, 41 Neb. 540, 59 N. W. 893; Merica v. Burgett, 75 N. E. 1083; Zimmerman v. Conrad, 74 S. W. 139; Construction Co. v. Hartman, 112 N. Y. S. 919, 61 Misc. Rep. 173; Elmore v. Rugley, 107 S. W. (Tex.) 151; Lee v. Normal School, 96 N. W. (Neb.) 65; Coen & Conway v. Birchard, 100 N. W. 48; Small v. Burke, 86 N. Y. S. 1066. (3) In case of doubt the court will resolve the provision to be a penalty rather than liquidated damages. Tinkham v. Satori, 44 Mo. App. 653; Thompson v. St. Charles County, 227 Mo. 230. (4) The contract will be held to be a penalty and not liquidated damages, because it calls for the same amount of damages for two different breaches, which would obviously cause different amounts of damages, viz.: For the cancellation, even if occurring the next day after signing, and for a refusal to accept after the goods had been prepared for shipment and actually shipped. Bayse v. Ambrose, 28 Mo. 39; Long v. Towel,

42 Mo. 545; Boulware v. Crohn, 122 Mo. App. 571; Implement Co. v. Arms Co., 33 So. 818; Wagon Works v. Salmon, 68 S. E. 866; Morse v. Rothbaum, 42 Mo. 601.

STATEMENT.—This action was brought in the circuit court of Newton county on an order signed by the defendant (respondent) on March 9, 1912, which was accepted by the appellant four days later. It called for the purchase of a threshing machine outfit, to be delivered at Diamond, Missouri, on May 25, 1912, the price to be paid by defendant being $3200, and he was to turn over to appellant his old threshing outfit at an agreed price of $700, and execute notes for the balance, due at stated periods.

The entire contract, as set out in respondent's additional abstract, is a lengthy document, covering four pages of rather small type, all of the contract being in print except the numbers and description of the machinery bought and the time and terms of the payment. The contract was evidently drawn on a printed form with blanks left to be filled in covering the above particulars. It is headed in heavy type: *"Order for N. & S. Co's Machinery."* The contract contains a great deal of matter that need not be set out here. But in order to convey an idea of its character, some of the items are here set forth:

"It is further hereby agreed that I will not hold Nichols & Shepard Company responsible for any agreement not expressed in this order . . ."

"It is expressly agreed that the vendor shall be liable only for the return of cash and notes payable to its order actually received by it and not for freight paid nor any machinery or other property taken herein as part payment."

"Failure to ship machinery at time ordered shall not involve damages, the vendor agreeing only to ship

at its earliest convenience after date named when it has the goods in stock.''

''Said purchaser further agrees that in case he refuses to accept said machinery at time and place above specified, or in case he cancel this order, he will pay to said Nichols & Shepard Company the freight on said machinery from factory to above-named place of delivery and freight for reshipping said machinery to the factory *and in addition thereto will pay fifteen* (15)*per cent of the above contract price which is hereby agreed shall be and constitute the liquidated damages for such breach of this contract.''* (The italics are ours.)

After the clause last quoted appears respondent's signature; then, either just under his name or on the margin, the following appears, written in ink: ''Martin Beyer is to go to Kansas City and examine engine at the company's expense and if it is not as represented this order is no go and can be countermanded.''

The petition sets out the general terms of the contract, the breach of respondent in cancelling, and alleges that by reason of such breach appellant was damaged in the sum of $480, the same being fifteen per cent of the purchase price.

The answer sets up fraud and misrepresentation on the part of the appellant, but admits the signing of the order.

The reply denies all new matter contained in the answer and alleges that respondent went to Kansas City on March 20, 1912, to inspect the engine, found it as represented, was tendered his expense money, and that he did not then and there countermand said order or declare it ''no go.''

Appellant introduced the contract, proved the breach, and showed that defendant examined the machine in Kansas City, little being said by him about the deal, and that at that time defendant made no objection to consummating the sale. Appellant, relying

on the damages being stated or liquidated under the contract, according to its theory made a prima facie case by introducing the contract and showing the breach, which, as stated, was done.

At the close of plaintiff's evidence in chief, the only action taken by the defendant was to move the court to give the following instruction, which was done over the objection and exception of the plaintiff: "The court instructs the jury that under the law and the evidence the jury will find for the plaintiff for one dollar and no more."

Thereupon plaintiff took a nonsuit, but with leave of the court to move to set the same aside. The court then entered judgment against the plaintiff, and for the defendant, for costs. In regular course, the court overruled a duly filed motion to set aside the nonsuit and grant plaintiff a new trial, whereupon plaintiff perfected its appeal to this court.

It is contended on the one hand that the fifteen per cent clause found in the contract must be construed to provide for liquidated damages, and on the other that it is a penalty. If it is a penalty, the construction placed upon it by the trial court and its action thereon was correct as no damages were proved or offered for proof. If it is a provision for liquidated damages, the court erred in giving the instruction.

FARRINGTON, J. (after stating the facts).—As has been often said, the general rules by which the courts are to construe such agreements are well enough understood and defined, the difficuty lying in the application of the rules to particular cases, for there is frequently an apparent ingredient of both penalty and liquidated damages.

Ordinarily, the court must look to the subject-matter of the contract and the intention of the parties. [May v. Crawford, 150 Mo. 504, 51 S. W. 693.]

The courts do and should favor construing forfeiture stipulations to be penalties rather than liquidated damages. [13 Cyc. 95.] This is because in ordinary contracts the aggrieved party should recover no more than the amount of loss he has suffered.

In the case of Wallis Iron Works v. Monmouth Park Ass'n, 19 L. R. A. (N. J.) 456, 26 Atl. 140, the court in holding a stipulation as providing for liquidated damages we think very aptly and tersely states the rule, as follows: "But when damages are to be sustained by the breach of a single stipulation, and they are uncertain in amount, and not readily susceptible of proof under the rules of evidence, then, if the parties have agreed upon a sum as the measure of compensation for the breach, and that sum is not disproportionate to the presumable loss, it may be recovered as liquidated damages."

Again, it is the duty of the court to examine the entire contract and the surrounding circumstances of the particular case, and from it all determine whether the sum stated was inserted after an endeavor on the part of the parties to the contract to fix the compensation in case of a breach, or whether it was intended merely to deter a breach.

In the light of these rules, let us view the contract in this case. To begin with, from the date of its acceptance until the date of the breach, only eleven days elapsed, as in appellant's letter of March 27, 1912, reference is made to a letter written by respondent on March 24, 1912, to appellant's agent refusing to consummate the deal. Nothing appears to have changed the status of the parties during that time; no work was done by the plaintiff on the machinery and no expense was incurred or anything of value parted with on the strength of the agreement. Indeed, all that appellant appears to have done was to tender the expense money to defendant covering the trip to Kansas City, and to write a letter accepting the terms of the order.

Shall this court say that it may reasonably presume that plaintiff suffered a loss of $480? From all the facts and circumstances surrounding this case, such a sum is grossly out of proportion to the presumable loss.

Furthermore, do the facts disclose a case where the amount of damages is not readily susceptible of proof? This is the sale of a threshing outfit—a manufactured article of merchandise—a thing so common and now in such general use as to no longer strike wonder and terror to the small boy. It has a market value that is easy of ascertainment. The rule as to the measure of damages for a failure to carry out a sale of an ordinary article of merchandise (where not made for a particular use) is as well fixed as is the measure of damages in a case where a debtor fails to pay his creditor a certain sum of money. The same rule applies to the old outfit to be turned in on the purchase price at $700.

Yet another test is to view the entire contract. It is a lengthy printed order, except as to a few words and figures, designating the kinds and numbers of the machinery and the time and terms of payment, which are written in ink. It contains descriptions, warranties, stipulations guarding against representations made by agents, stipulations guarding against any damages growing out of the acts or failure to act by the company, and then the fifteen per cent damage clause. Thus viewing it as it is written, common sense tells us that the items most discussed and considered by the agent of appellant and the defendant were those concerning the inspection clause, the kind of machinery to be purchased, the kind to be traded in, and the manner of payment. The amount of the per cent of damages was not written in ink, but was printed; it was a part of the printed form. This leads one to believe that there was no endeavor to arrive at the probable damages and fix the sum in advance, but that the

Nichols-Shepard Co. v. Beyer.

damage clause was an arbitrary sum inserted rather for the purpose of deterring than compensating a breach. Again, granting, as contended by appellant, that the damages might be much or little, does not the very fact of itself that they fixed it at a certain per cent of the purchase price preclude any attempt to arrive at an agreed probable loss? Viewing the clause standing alone, was it to compensate for a *single breach?* Certainly not. *First*: It must be fifteen per cent if the vendee refuses to accept the machinery at Diamond, Missouri, after the vendor has gone to the trouble of shipping—and that on the twenty-fifth day of May. *Second*: It must be fifteen per cent if the vendee cancel in the meantime, for example, on the twenty-fourth day of March, two months prior to the other happening and when there has been no change watever shown in the status of the parties or in the machinery.

True it is, they called it "liquidated damages," but their misnomer is no reason for this court to be led astray; the language is not conclusive. [13 Cyc. 91.] And certainly not in a case where the measure of damages is easily ascertainable, and where from the entire contract and from the particular item it appears to have been inserted as "scare money," and put in not to compensate but to deter a breach; nor in a case where the amount fixed is so out of proportion to the ordinary fluctuation in the market price of as staple an article as a threshing outfit—and that in a period of only two and one-half months.

Other courts have passed on stipulations almost identical in language to the one under consideration and have pronounced them penalties. [Parlin & Orendorff v. Boatman, 84 Mo. App. 67; J. I. Case Threshing Mach. Co. v. Fronk, 117 N. W. (Minn.) 229; J. I. Case Threshing Mach. Co. v. Souders, 96 N. E. (Ind.) 177; Florence Wagon Works v. Salmon, 68 S.

E. (Ga.) 866; Mansur & Tebbetts Imp. Co. v. Tissier Co., 33 So. (Ala.) 318.]

As in determining the character of an individual we often look to the company he keeps, so in ascertaining the true character of a clause of a contract the courts will scrutinize the terms and conditions with which the particular clause is associated; and, to that end, there is set forth in the statement herein some of the clauses of the contract under consideration, indicating, on the whole, that they were drawn for the sole benefit and protection of the vendor—drawn on printed forms, ready at all times for the signature of any purchaser when the kind of machinery and the time and terms of payment had been agreed upon.

The cases cited by appellant where the stipulation was held to provide for liquidated damages are in perfect harmony with the views herein expressed as those cases arose out of contracts wherein the amount of damages was difficult to ascertain, or the amount was in reasonable proportion to the presumable loss and showed an honest endeavor to fix the sum to compensate rather than deter. Such authorities do not, therefore, persuade us to adopt appellant's contentions in this case, which, viewed from any angle, shows up a penalty. We must therefore hold that the trial court committed no error.

For the reasons herein appearing, the judgment is affirmed. All concur.