Perkins v. Carter.

that it was sued out after the expiration of the third day of the second term next after the term at which the death of the original plaintiff was stated on the record. The motion was overruled, the court made an order substituting Ashley as plaintiff, and the case was called for trial. The defendant claimed a continuance, but it was not granted, and no further defence being made, judgment was rendered for the plaintiff, from which the defendant appeals.

Mr. *Noell*, for appellant, cited *Fine* v. *Gray*, (19 Mo. Rep: 33,) that the *scire facias* was too late.

---

PERKINS, Respondent, *vs.* CARTER, Appellant.

1. The mere addition of the words, "*and relinquishes her dower,*" in the certificate of a married woman's acknowledgment of a conveyance of her own estate will not avoid the deed as to her. (*Chauvin* v. *Wagner*, 18 Mo. Rep. 531, upon this point, affirmed.)

*Appeal from Lincoln Circuit Court.*

This action was brought by the heir of Sarah A. Perkins, to recover possession of a tract of land in Lincoln county. The defendant claimed title under a deed executed by Sarah A. Perkins (to whom the land was patented before her marriage) and her husband, Charles E. Perkins. The certificate of acknowledgment to this deed was as follows :

" State of Missouri, county of Lincoln, ss. Be it remembered that, on the 20th day of October, A. D. 1841, before me, the clerk of the county court of Lincoln county, Missouri, personally appeared Charles E. Perkins and Sarah Ann, his wife, both personally known to me to be the persons whose names are subscribed to the foregoing instrument of writing as having executed the same, and severally acknowledged the same to be their own free act and deed for the purposes therein mentioned. The said Sarah Ann being first examined by me separate and apart from her said husband, first being made acquainted with the contents thereof, says she executed the same deed, *and relinquishes her right of dower to the land therein mentioned,* voluntarily and freely, of her own accord, without any undue influence of her said husband. Taken and certified and given under my hand and seal of office, the day and year above written.

  (L. S.)      " FRANCIS PARKER, Clerk."

It did not appear in the body of the deed that the estate conveyed belonged to the wife. The Circuit Court held that it was insufficient to divest her title. After verdict and judgment for the plaintiff, the defendant appealed.

Mr. *Glover*, Mr. *Gantt* and Mr. *Polk*, for appellant, relied upon *Chauvin* v. *Wagner*, (18 Mo. Rep. 531.)

Mr. *Broadhead*, for respondent, attempted to distinguish this case from *Chauvin* v. *Wagner*, by the fact that here it did not appear in the deed itself, with the contents of which the wife was certified to have been made acquainted, that she was conveying her own estate.

Perkins *v.* Carter.

SCOTT, Judge, delivered the opinion of the court.

This was an action brought by the respondent to recover possession of a tract of land claimed by her as the heir of her mother. From the form of the certificate of acknowledgment to the deed executed by the husband and wife, it will be seen that the same question arises in this case that was determined in the case of *Chauvin's Heirs* v. *Wagner*, (18 Mo. Rep. 531.) The matter there settled was, that the words, " *and relinquishes her dower to the real estate therein mentioned,*" contained in a certificate of acknowledgment of a married woman to a deed conveying her own estate, do not avoid the deed as to the wife.

After mature deliberation, the court has come to the conclusion, that an adherence to the opinion expressed in relation to this question, in the case to which reference has been made, will subserve the ends of justice and conduce to the security of titles to real estate, especially when consideration is made of the want of skill in many of those to whom, from necessity, the law has been compelled to entrust the power of receiving the acknowledgment of deeds.

Experience and observation show that the error, in all these cases, is not in doing the act—not in a failure to obtain the wife's consent in a suitable manner, but in a want of skill in certifying the manner in which it has been done.

If the case to which allusion has been made has gone farther than some others, yet, in spirit, it harmonizes with them, as all courts have felt themselves warranted in departing from the exact language prescribed by law, in order to uphold the conveyances of married women.

This question does not turn on the contents of the deed, but on the form of the certificate. The terms of the deed can impart no efficacy to the certificate, nor supply any of its defects. If the contents of the deed are sufficient to convey the estate proposed to be aliened, the only remaining inquiry is, as to the

sufficiency of the certificate of acknowledgment. It can make no difference, then, whether it appears or not on the face of the deed that the land conveyed was the property of the wife.

The other judges concurring, the judgment will be reversed.