CHAUVIN AND OTHERS, Plaintiffs in Error, v. LOWNES AND ANOTHER, Defendants in Error.

1. Amendments should be liberally allowed where the errors are unintentional, and no injury will result to the adverse party.
2. Chauvin v. Wagner, (18 Mo. 531,) affirmed.

## Error to St. Louis Court of Common Pleas.

This was an action in the nature of an action of ejectment, brought by the heirs of Emily Chauvin. It is one of several suits (the case of Chauvin v. Wagner being one) brought by said heirs, and came on for trial after the decision of the Supreme Court in that case, to the report of which (see 18 Mo. 531) reference may be had. On the trial, it appeared in evidence that, among other children, Emily Chauvin had a daughter, Louise, who married Charles A. Genestelle, and died surviving her mother, leaving two children of said marriage. These children, Emilie and Sophia Genestelle, were parties to this suit, suing by their next friend, their father, Charles A. Genestelle. One of these children, Sophia, and her father, C. A. Genestelle, died since the commencement of this suit. Their death being suggested upon the record, Louis C. Hirschberg, entered his appearance as guardian for the said Emily Genestelle.

The deed of Chauvin and wife to Desiré (see Chauvin v. Wagner, 18 Mo. 531) was introduced in evidence, and testimony tending to prove a re-delivery of said deed by Mrs.

Chauvin after the death of her husband ; also to prove the excution thereof by Mrs. Chauvin.

The court gave the following instructions : " 1. If the jury find that Louise Genestelle, wife of Charles A. Genestelle, survived her mother Emily Chauvin, and that the plaintiff, Emilie Genestelle, is the child of the said Charles A. and Louise Genestelle, and that said Charles A. was living at the commencement of this suit, the jury ought to find for the defendants. 2. It being admitted in this cause that prior to the deed to Desiré, the title to the premises in dispute was in Emily Chauvin, wife of Francis D. Chauvin, and that said François had only a life interest therein, and that said François died in 1835, and said Emily in 1849 ; the court instructs the jury that the said deed, even if executed and acknowledged by said François and said Emily, as the same purports to have been, and delivered to said Desiré in the lifetime of said François, passed only the life interest of said François in the lot therein described, and was wholly inoperative to pass the title of said Emily ; and therefore, if the jury find that Robert Chauvin and V. H. Chauvin and Lucille Chauvin are the children of said Emily Chauvin, and that Louise Genestelle, wife of Charles A. Genestelle, was the daughter of said Emily Chauvin, and died before her said mother, leaving two children, Emily and Odelia, and that Sophie Hirschberg was a daughter of said Emily Chauvin, and died after her said mother, leaving a child, the jury should find for the plaintiffs, unless they further find that said deed to Desiré was executed by said Emily, and that after the death of her said husband she re-delivered the said deed to Desiré or his representatives. 3. If the jury find from the evidence that said Francis D. Chauvin and Emily his wife executed said deed as the same purports to have been executed by them, and that the same, in the lifetime of said François, was by him delivered to said Desiré, and that said Desiré paid a full consideration for the fee simple of the lot therein described to said François ; and that said Desiré took possession of said lot, claiming to be the owner thereof by virtue of said

deed; and that after the death of said François, the said Desiré and his representatives continued in open, notorious, active and exclusive possession of said lot, and put large and valuable improvements and buildings thereon, claiming to be the owners thereof; and that, after the death of her said husband, with full knowledge of all these facts, she received or consented to the appropriation of a part of the personal estate of said François, or of the proceeds of his said estate, to her own use and support, and acknowledged that she executed said deed, or sold and conveyed said lot as said deed purports, and that she assented that said Desiré and his representatives should remain in possession of said lot and put valuable improvements thereon, claiming to be the owners thereof, and to retain possession of said property, under said deed, as her act and deed, for the purpose of passing all the title and interest in said lot,—then the jury may presume a re-delivery of said deed by her after her husband's death."

To the giving of these instructions, plaintiffs duly excepted. Prior to the reading of these instructions to the jury, and after they were passed upon by the court, the counsel for the plaintiffs, Mr. Lord, having learned, during the progress of the trial, that Louise, mother of Emilie Genestelle, plaintiff, had survived her mother, Mrs. Chauvin, requested the court to strike out the name of the said Emilie from the record, or to dismiss the suit as to her. The court refused to permit this to be done. Plaintiffs thereupon suffered a nonsuit, with leave to move to set the same aside. A motion to that effect having been made and overruled, the case was brought to this court by writ of error.

*C. B. Lord*, for plaintiff in error.

I. The will of Madame Chauvin in effect deprived Charles A. Genestelle of any interest in her estate. Ejectment does not lie by him who has not an immediate interest or possession. (1 Rol. 3.)

II. The court erred in giving the first instruction. The rule applied in this case was a highly technical one, and one which

courts have been constantly relaxing when a proper case has presented itself. (Jackson v. Sclover, 10 John. 368.) It has always been held that " Ejectments are under the control of the courts, and may be managed by them to answer every end of justice and convenience." (3 Comyn's Dig. 609, tit. " Ejectment," A.) A demise being laid in ejectment, before the title of the lessor of the plaintiff accrued, can not be taken advantage of after issue joined. (Withington et al. v. Christian et al., 2 Rand. 353.) The proper parties were before the court, and it would be the abuse of a technicality to compel them to commence their suit over again, when precisely the same parties would be again before the court. The court should have permitted the amendment asked for, and allowed the other plaintiffs, in case of a verdict in their favor, to have recovered their interest in the land in dispute. (Practice Act of 1849, art. 11, § 5 and 6; see brief in Chauvin v. Wagner, 18 Mo. Rep. 531.)

*J. R. Shepley*, for defendant in error.

I. Emilie Genestelle, dying after her mother, and before the commencement of this suit, leaving a husband and children surviving her, whatever right she had was vested in her husband, a tenant by the curtesy during his life, and the suit should have been brought in his name and not in the name of the child. (Reaume et al. v. Chambers et al., 22 Mo. 36.)

II. If the husband was the proper party to the suit, then it was too late, after instructions had been asked and given, to seek to dismiss as to Emily Genestelle, and to go on with the trial as to the other interests.

III. At most, the matter was entirely in the discretion of the court, and this court will not interfere in the exercise of this discretion. (Russell v. Spear, 5 How. Prac. R. 143.)

IV. If, upon all the facts in the case, the judgment be for the right party, as this is the case of a nonsuit voluntarily taken, the judgment below will not be disturbed ; and in this case, in any event, the probability of a recovery of any of the parties plaintiff will depend upon the validity of the acknowledg-

ment by Mrs. Chauvin of the said deed of Chauvin and wife to Desiré. If the acknowledgment of Mrs. Chauvin to the deed to Desiré be good and effectual to convey her title, that is an end to the case. This case now stands in a different position from that in which the case of Chauvin v. Wagner stood. The court now unanimously agree in overruling the case of McDaniel v. Priest. (See Perkins v. Carter, 20 Mo. 465). The validity of the acknowledgment is now narrowed down, and depends upon the question of whether it is necessary that the acknowledgment should contain the talismanic words "and does not wish to retract." A substantive compliance with the requirements of the statute is sufficient. No mere verbal criticism upon the words of the statute should control. If this be the proper rule to apply, then whatever might be the opinion of the court in the application of nice verbal criticism to the words of the statute, this acknowledgment will be supported.

The decision in 11 Illinois, 123, upon a statute precisely similar to ours, conclusively shows not only that it is doubtful whether it was the intention of the legislature that the certificate should contain these words, but, by the unanimous opinion of a highly respectable court, that was not the intention. How then can justices of the peace and clerks of the court be supposed to be better informed than such a court? But if no such rule as we have invoked is to obtain in the construction of the statute, we yet affirm that the statute does not, by any fair construction, require those words to be inserted in the certificate.

LEONARD, Judge, delivered the opinion of the court.

The plaintiff took a nonsuit upon the court's refusing to allow them leave to amend the statement of their cause of action. We think the original courts can hardly be too liberal in allowing amendments where the error is unintentional, and no injury will result to the adverse party. This, however, is pretty much a matter of discretion, and we do not interfere in such cases, unless there be a palpable abuse of it. We can not say that was so here, and therefore shall not disturb the judgment.

Our attention is called again to the question decided in Chauvin against Wagner, (18 Mo. 532,) as to the sufficiency of the certificate of acknowledgment upon Mrs. Chauvin's deed to pass the inheritance of a married woman. We consider the decision in the former case conclusive as to the insufficiency of all such certificates, when taken under the act of 1825. The certificate in Perkins v. Carter was taken under the act of 1835, which did not require the words " *and does not wish to retract,*" and this court held there that the insertion of the words " and relinquishes her dower to the real estate therein mentioned" did not render the certificate ineffectual to pass the inheritance of the wife. (20 Mo. Rep. 465.). The judgment is affirmed.