RICHARD P. MILLER, Defendant in Error, *vs.* WM. H. POWELL, Plaintiff in Error.

1. *Deeds—Acknowledgment—Wife's fee—Relinquishment of dower.*—Where the only defect in a certificate of acknowledgment is, that it includes a clause relinquishing the wife's dower, the acknowledgment is sufficient to carry her fee in the land.

*Error to Pettis Court of Common Pleas.*

*Phillips & Vest,* for Plaintiff in Error.

*Johnson & Botsford, and Sampson & Bro.,* for Defendant in Error.

ADAMS, Judge, delivered the opinion of the court.

The defendant demurred to the plaintiff's petition, and stood on his demurrer, which was overruled, and final judgment rendered in favor of the plaintiff.

The material allegations of the petition are, that Nancy Edwards was the owner in fee of the northwest quarter, and the west half of the northeast quarter of section eleven, in township forty-five, of range twenty in Pettis county, except sixty acres off from the east part, before sold to Henry Albers; that the said Nancy Edwards and Thomas W. Edwards, her husband, on the 21st day of May, 1866, sold and conveyed to plaintiff, in fee, the above described land; that the officer who took the acknowledgment of Nancy Edwards, inserted in the acknowledgment, that she relinquished her dower in the premises. The deed is referred to in the petition as an exhibit filed therewith, marked "A." But it has not been copied into the record. We infer from the allegations of the petition, that the certificate of acknowledgment was in the regular form of an acknowledgment under the Revised Statutes of 1855 for the relinquishment of the dower of a married woman, but taken and certified by a justice of the peace, under the act of 1864. (See Sess. Acts 1863–4, p. 27.) The plaintiff states in his petition, that the officer took the acknowledgment properly, but by mistake inserted a clause relinquishing dower, and the pleader then states, that in conse-

quence of this mistake, the title in fee did not pass to the plaintiff from Nancy Edwards.

The petition further states, that the defendant afterwards, with full knowledge of this deed to the plaintiff, procured from Nancy Edwards a quit-claim deed for the same land; and a copy of this deed is referred to, as being filed with the petition. The inference is, that this copy was a certified copy from the recorder's office; but it is not contained in the transcript. The petition concludes by praying that this deed to the defendant be set aside, and that whatever title he acquired, may be divested out of him, and invested in the plaintiff.

The ground of demurrer is, that on the face of the plaintiff's petition, no title passed to him, legal or equitable, and therefore the court cannot interfere with the defendant's rights.

It is evident that the attorneys, who drew this petition, did not understand the rights of their client. If the only defect in the certificate of acknowledgment was, that it included a clause relinquishing dower, under repeated decisions of this court, the acknowledgment was sufficient to carry the wife's fee in the land. It is true that in McDaniel vs. Priest, 12 Mo., 545, the court held, that the insertion of a clause relinquishing dower in a deed intended to convey the fee of land vested in a married woman, rendered the conveyance inoperative. But this decision was afterwards reviewed in Chauvin vs. Wagner, 18 Mo., 531, and expressly overruled.

The doctrine in Chauvin vs. Wagner was afterwards maintained in Delassus vs. Poston, 19 Mo., 425; Perkins vs. Carter, 20 Mo., 465, and Chauvin vs. Lownes, 23 Mo., 223, and must be considered settled as a rule of property in this State.

The Revised Laws of 1865 did not take effect till August, 1836, and therefore this acknowledgment is governed by the law of 1855, under which these decisions were made. Under the law as it now stands, there is no difference in the acknowledgments to be made by a married woman, in conveying the fee or dower; the acknowledgment for either is precisely the same, and the certificate of acknowledgment is the same. This alteration in the law was no doubt made to render it more

simple, and to conform to the decisions of this court, and make a uniform rule in regard to both kinds of acknowledgments. The question however is, did the plaintiff have any standing in court for any purpose. If the form of the acknowledgment rendered the deed void, he would have no right to apply to a court of equity to correct it.

The officer, in taking the acknowledgment, acts under a statutory power, and a court of equity cannot aid the defective execution of such a power. The only remedy would be, to apply to the officer to put his certificate in form, and if he refused to comply he might be compelled to do so by a mandamus. But as we have seen, the insertion of the clause relative to dower did not invalidate the certificate of acknowledgment, as applicable to the conveyance of the fee.

The statement in the petition, that the title did not pass to the plaintiff, in consequence of the alleged defect in the certificate, is a mere conclusion of law, which the allegations of the petition contradict. By these allegations, it is manifest that the legal title in fee did pass to the plaintiff. The object of his petition seems to be to coerce the legal title from defendant. He seeks to recover what he already has. It is not pretended, that if he has the legal title, that the quit-claim deed to the defendant casts a cloud on his title. It is not a bill *quia timet*, or to remove a cloud from the plaintiff's title. As the plaintiff already has what he seeks to recover, he has no standing in court to maintain this suit.

Under this view the judgment must be reversed, and the petition dismissed without prejudice. The other Judges concur.