JOACHIN A. BACHMAN, Respondent, v. H. R. ENNIS REAL ESTATE and INVESTMENT COMPANY, Appellant.

Kansas City Court of Appeals, June 24, 1918.

1. **CONTRACTS: Sale of Real Estate: Stakeholders.** Where one enters into a contract to sell real estate and the purchaser pays earnest money which is deposited with a stakeholder to be forfeited if he fails to comply with said contract, and the buyer does thereafter fail to fulfill the terms of the agreement, the seller may recover said earnest money from the stakeholder, as damages.

2. **DEEDS: Acknowledgments: Release of Dower.** An acknowledgment by a married woman in a warranty deed, made in March, 1880, wherein she joined with her husband, the property intended to be conveyed being owned in fee by the wife, which recited that she executed the same and relinquished her dower in the real estate described in the deed, is valid and sufficient to convey the fee of the wife.

3. **DEEDS OF TRUST: Valid Release: Partners: Abstracts of Title.** A deed of trust may be validly released on the margin of the record by one of two parties to whom the note secured by such deed of trust is payable where such parties were owners of said note as partners.

Appeal from Jackson Circuit Court.—*Hon. Daniel E. Bird,* Judge.

AFFIRMED.

*Gage, Ladd & Small* for the respondents.

*Milton Schwind* for the appellant.

BLAND, J.—On the 9th day of August, 1915, plaintiff and one Paris W. Lindsay entered into a contract wherein the former agreed to sell to the latter, for the price and sum of eighteen thousand ($18,000) dollars, real estate located in Kansas City, Missouri.

The property was to be conveyed subject to a deed of trust securing thirteen thousand ($13,000) dollars, which the buyer agreed to assume as a part of the purchase price, and the balance, five thousand ($5,000) dollars, the buyer agreed to pay in cash. The seller agreed to furnish within ten days from the date of the contract, at the office of this defendant, a complete abstract of title to the property and the buyer was to have ten days thereafter for examination of the abstract and to report in writing to the seller any defect in the title. If the title was defective the seller agreed to have the same rectified within a reasonable time, not to exceed sixty days from the date of the written notice thereof, and if the seller had a good title to the property, or within the time specified for that purpose remedied any defect therein and thereby made such title good, he was to deliver to the purchaser or to his order a good and sufficient warranty deed conveying the property. The contract recited that the purchaser had paid as earnest money five hundred ($500) dollars, to be applied upon the purchase price of the property, which had been deposited with this defendant. The contract further provided that upon delivery of the deed or tender thereof, if the purchaser failed to comply promptly with the terms of the contract by not paying the remainder of the purchase price, the earnest money deposited should be forfeited by the purchaser and upon such forfeiture the contract should in other respects become null and void at the option of the seller.

The seller delivered his abstract of title. The buyer found two objections to the title that are now insisted upon as valid ones. The seller thereafter claimed that he had met these objections and showed a good title and demanded that the buyer consummate the deal. (Plaintiff tendering the deed.) The buyer refused and this suit was brought by the seller against this defendant, who was the stakeholder of said earnest money of five hundred ($500) dollars, for that sum, plaintiff claiming that by his contract the purchaser

had refused to take the property which he was under obligation to do. The case was tried without the aid of a jury. Judgment was rendered in favor of the plaintiff and defendant has appealed.

The first objection made to the title was based upon the following facts: On March 9, 1880, Eliza J. Stall was the owner of the property and on that day she and her husband conveyed it to Abbie M. Winner by a warranty deed. The acknowledgment taken upon the same day by a notary public recited that Eliza J. Stall and Cyrus G. Stall, her husband, acknowledged the deed as their voluntary act, "and the said Eliza J. Stall, being by me first made acquainted with the contents of said instrument, upon an examination separate and apart from her husband, acknowledged that she executed the same and relinquished her dower in the real estate therein mentioned, fully, without fear, compulsion or undue influence of her said husband."

It is defendant's contention that by reason of that part of the acknowledgment above quoted the deed was not effectual to convey the fee in the land, citing Hendricks v. Musgrove, 183 Mo. 300. In the case cited the land involved was owned by Ludwell Musgrove. He died leaving a widow and six children. The widow (as the statute was at that time) took the fee in the homestead. But she and the children thought she had a life estate only, and that the children had the fee, subject to her life estate. In this belief one of the children (Gilbert Musgrove) bought his sister's (Mrs. Mary F. Hendricks) interest in the land, and she and her husband attempted to convey it to him by warranty deed. Afterwards the widow Musgrove died and thereby the fee, in fact, then descended to the children, though they and their mother thought they already had the fee by descent at the death of their father, subject to the mother's supposed life estate. So, when Mrs. Hendricks (with her husband) made the deed to her brother Gilbert for one-fifth interest, she, at that time, had no interest and did not have until

her mother afterwards died when she, as one of her mother's heirs, for the first time, became an owner in fee of a one-fifth interest. So the question arose whether this deed to her brother conveyed her after acquired title which she got by descent from her mother. It was held that on account of her defective acknowledgment to the deed it did not. In speaking of this branch of the case the court said: "But whilst the deed was a general warranty deed, it purported to be the deed of John J. Hendricks and his wife Mary F. Hendricks, and it was acknowledged by Mrs. Hendricks only as wife, she relinquishing dower in the land and not by her as owner of the land. The deed was therefore ineffectual to convey the interest of Mrs. Hendricks then existing or thereafter acquired, in the land."

The acknowledgment itself is not set out in the opinion and we have only to look to the language used by the court as a guide to what its terms were. The court says that her acknowledgment was "only as wife" and that it was *confined* to a release of her dower and *did not* embrace an ownership of the land. The conclusion that such an acknowledgment to a deed of the wife's fee was not sufficient is manifestly correct. If we interpret that acknowledgment as desired by defendant in this case, it would be in direct conflict with a line of decisions which long ago became a rule of property in this State. In McDaniel v. Priest, 12 Mo. 545, it was held that the insertion of a clause relinquishing dower in a deed, the intention of which was to convey the fee simple title, rendered the conveyance inoperative. This was in 1849.

But in Chauvin v. Wagner, 18 Mo. 531, 546, McDaniel v. Priest was overruled, and it was held that the language relating to the relinquishment of dower was "merely superfluous and does not vitiate." The deed of a married woman thus acknowledged was held to pass her title to the grantee. This was in 1853.

In 1854 Delasus v. Poston, 19 Mo. 425, 431, followed and approved Chauvin v. Wagner.

In 1855, in Perkins v. Carter, 20 Mo. 465, the question was before the court again, and it was said that the matter was "settled" in Chauvin v. Wagner, and that it made no difference if there was no recitation in the deed that it was the wife's land.

In 1856, in Chauvin v. Lownes, 23 Mo. 223, Chauvin v. Wagner was again approved and followed.

In 1873, in Miller v. Powell, 53 Mo. 252, the court said: "If the only defect in the certificate of acknowledgment was that it included a clause relinquishing dower, under repeated decisions of this court, the acknowledgment was sufficient to carry the wife's fee in the land." The court further said that the doctrine of Chauvin v. Wagner "must be considered settled as a rule of property in this State."

Again in 1874, in Siemers v. Kleeburg, 56 Mo. 196, 199, the same point being raised, the court said: "The objection to the form of the certificate of acknowledgment of the mortgage is not well taken. The additional words employed therein may be rejected as surplusage." [Citing Chauvin v. Wagner, supra.]

In 1879, in Thornton v. National Exchange Bank, 71 Mo. 221, 231, the doctrine of Chauvin v. Wagner was again approved.

In 1883, in Burnett v. BcCluey, 78 Mo. 676, 688, the foregoing cases were again followed. As already stated the acknowledgment that is objected to in the case at bar was taken March 9, 1880.

The last case where the question appears in Hauser v. Murray, 256 Mo. 58. The court stated (bottom p. 91) that the wife had the fee in part of the land and dower in another part. The acknolwedgment (top p. 91) included a release of dower. Of this acknowledgment the court said: "A careful comparison of this certificate with the statute does not disclose in what particular the former fails to conform to the material requirements of the latter. The deed, therefore, so far as the acknowledgment is concerned, must be held to be valid. This conclusion is, in our opinion, evident from inspection, and the citation of authorities sus-

taining deeds having like certificates of acknowledgment would tend rather to obscure than illuminate the question. We have examined the cases cited by industrious counsel in opposition to this conclusion, but we do not find them applicable.'' The case is a recognition that an acknowledgment, including release of dower, is valid for a conveyance of the fee.

In all those cases, as in the one now before us, the acknowledgment may be said to be in a double form; first, an acknowledgment of the deed, and second, a release of dower. In those cases it is said, in effect, that where the wife owned the fee that that part of the acknowledgment relating to dower did not annul or affect the part acknowledging the execution of the deed and that it was merely surplusage.

The foregoing considerations lead to the conclusion that the acknowledgment to the deed involved in the present case, is valid, and that the abstract showed a good conveyance in fee of the property from Eliza J. Stall and Cyrus G. Stall, her husband, to Abbie M. Winner.

The other objection urged against the title is founded upon the fact that there was a deed of trust on the property dated April 16, 1877, which secured a note in the sum of two thousand ($2,000) dollars with ten per cent. (10%) interest, reciting, ''This day due to Richard and John Saunders.'' On the margin of the record where this deed of trust was recorded appeared the following, ''This deed of trust is satisfied in full, both principal and interest. Witness our hands and seals this 1st day of February, A. D. 1879. Richard and John Saunders, by John Saunders.''

It is defendant's contention that there was no authority shown by John Saunders to release the note on behalf of Richard Saunders. When this objection was made by the buyer the seller within the time specified furnished the buyer with the affidavit of a son of Richard Saunders, who swore that at the times the note was given and released Richard and John

Saunders were brothers and partners in the hotel and banking business; that they were the owners of said note as partners at the time it was executed and until it was paid, and the property released; that both John and Richard Saunders were dead and that their estates were settled. Of course, under the circumstances, John Saunders had authority to release the note on behalf of the partners. We think that the furnishing of this affidavit removed the defect in the title appearing in the abstract and was sufficient to satisfy defendant that no defect in fact existed, especially in view of the fact that the note had been due for more than thirty-five years at the time of the execution of this contract.

It is said in Ranck v. Wickwire, 255 Mo. l. c. 58, that where a contract required that each party in trading real estate was to furnish the other an abstract showing a clear title and where the abstract submitted showed a defect in the title, the rule to be applied is that "if there is a break or gap in a record title, it becomes the duty of the owner to look up the evidence *in pais* necessary to satisfy the vendee that the title is good. [Gerhart v. Peck, 42 Mo. App. 644, 652.] It became the duty of the plaintiff, therefore, to remove these defects in his title appearing in the abstract or satisfy the defendant that they did not exist." The seller was not required to furnish an abstract showing that he had a perfect title in a strict sense, for roughly speaking there are no such titles. The title to be furnished must have been perfect and safe to a moral certainty; a title which did not disclose a patent defect which suggested the possibility of a lawsuit to defend it; a title, such as a well-informed and prudent man, paying full value for the property, would be willing to take. [Birge v. Bock, 44 Mo. App. l. c. 77; Gerhart v. Peck, supra; Ranck v. Wickwire, supra.] There is no question but that the seller in this case exhibited to the buyer such a title after furnishing the latter the affidavit mentioned.

We are not unmindful of the fact that the contract provided that the abstract of record should show a good title, and ordinarily, unless the abstract so show, the contract is not complied with. [Austin v. Shipman, 160 Mo. App. 206.] There was no substantial difference between furnishing an abstract with the affidavit embodied therein and in giving the affidavit to the buyer so that it might be attached to the abstract by him. There would be no substantial benefit to anyone in the seller having the affidavit recorded, the recording of such an instrument is not provided for by the recording act and, therefore, if it were recorded, the fact that it was on record would be notice to no one. The recording of the affidavit by the seller would have been an useless proceeding. The contract was substantially complied with when he furnished the affidavit to the buyer. [Ranck v. Wickwire, supra.] However, it will be noted that the contract provided nothing further than that the defect should be remedied. Of course, the things remedying the defect must have been disclosed to the buyer. [Ranck v. Wickwire, supra.] But there was nothing in the contract providing the remedying matter should be placed in the abstract.

Defendant contends that plaintiff is not entitled to recover the five hundred ($500) dollars placed in defendant's hands as earnest money, for the reason that plaintiff did not attempt to offer testimony as to what damage he suffered by reason of the buyer refusing to take the property and that the money placed in defendant's hands must be regarded as a penalty and not as liquidated damages. We are unable to agree with this contention. The damages to be ascertained by the buyer's refusal to take the property was uncertain in amount and the parties conveying having mutually agreed that a certain sum should be the damages in case of failure to perform, in language expressive of such agreement, there is no law to justify the courts in giving the contract a different construction, or in saying that the parties meant some-

thing else. The parties themselves agreed upon what would be the damages in case the buyer refused to take the property. This was five hundred ($500) dollars. The purchase price of the land was eighteen thousand ($18,000) dollars, of which five thousand ($5000) dollars was cash. Plaintiff also unburdened humself of paying, primarily, a thirteen thousand ($13,000) dollar deed of trust. We cannot say that the damages agreed upon assumed the character of gross extravagance or of wanton and unreasonable disproportion to the nature and extent of the loss. [Morse v. Rathburn, 42 Mo. 594; Wainscott v. Haley, 185 Mo. App. 45; Long v. Lackawanna Coal & Iron Co., 233 Mo. 713.]

The judgment is affiirmed. All concur.