**Victor Merle DRAKE, et ux., Respondents,**

v.

**Roland Jon REDMAN, Appellant.**

**No. WD 35137.**

Missouri Court of Appeals, Western District.

Oct. 9, 1984.

R.E. Moulthrop, Bethany, for appellant.

John E. Casey, Brookfield, for respondents.

Before KENNEDY, P.J., and NUGENT and BERREY, JJ.

KENNEDY, Presiding Judge.

This is an appeal by one of the buyers in an aborted contract to purchase real estate, from a judgment against them and in favor of the sellers for $12,500 liquidated damages provided by the contract. The case was tried to the court without a jury.

We affirm the judgment.

Plaintiffs, husband and wife, entered into a contract dated August 22, 1977, to sell to defendants Roland Jon Redman (the appellant) and his then wife, Gayla Marie Redman, their Linn County farm for $300,000. The purchase price was to be paid $25,000 with the execution of the contract, $55,000 cash at the closing of the sale, and plaintiffs were to carry back a purchase money deed of trust for the $220,000 balance.

Defendants Redman in accordance with the contract delivered a check for $25,000 to the real estate agent representing sellers, Ronald A. Berg. The check was deposited by Mr. Berg in an escrow account in Peoples State Bank of Spickard, Missouri, for collection. The check was dishonored by defendants' bank in Osceola, Iowa. Mr. Berg, and another real estate agent who was working with him, attempted to salvage the deal by working out a plan for financing the $25,000 for the Redmans but were unsuccessful in doing so. All parties considered the contract abrogated. The Drakes later exchanged the farm for a tract of land in Colorado.

The contract contained the following provision, which is the focal point of this case:

I attached hereto a check for $25,000.00 as earnest money, same shall apply as part of purchase price if this offer is accepted within five days from date; if accepted, the check shall be cashed and held in escrow by Ronald A. Berg, Real Estate Broker. If no (sic) accepted, the check shall be returned to me. If for any reason I fail to carry out my part of this agreement, said earnest money is to be forfeited as liquidated damages ten (10) days after the closing date as set out in this agreement, and this agreement may not be thereafter operative, at the option of the seller. If the earnest money is forfeited, it shall be divided equally between seller and Ronald A. Berg * *.

Only the sellers are plaintiffs in this lawsuit, and they brought an action for their one-half of the $25,000 liquidated damages, upon which they were awarded the $12,500 judgment now appealed from.

Appellant contends that plaintiffs proved no actual damages as a result of defendants' breach and says that in such a case plaintiffs may not recover the agreed-upon liquidated damages. He cites for that legal proposition *Grand Bissell Towers, Inc. v. Joan Gagnon Enterprises, Inc.*, 657 S.W.2d 378 (Mo.App.1983). He might have added the recent case of *Goldberg v. Charlie's Chevrolet, Inc.*, 672 S.W.2d 177 (Mo. App.1984).

We shall assume that plaintiff must prove some damages in order to be entitled to liquidated damages, although the following cases tend to relieve plaintiff seller in a real estate sales-purchase contract from that requirement: *Bachman v. H.R. Ennis Real Estate & Investment Co.*, 199 Mo. App. 674, 204 S.W. 1115, 1117 (1918); *Carmel v. Dieckmann*, 617 S.W.2d 459, 461 (Mo.App.1981), and *Stein v. Bruce*, 366 S.W.2d 732, 735 (Mo.App.1963) (interpreting Pennsylvania law).

We do not need to resolve that possible conflict in the cases, though, for the record does show some damage to plaintiffs by virtue of defendants' default. Sellers' property was tied up by the contract for some period of time. Just how long it was tied up is not certain. Mr. Berg learned from his bank four days after depositing

the check that buyers' bank was dishonoring it. The check was actually received by the collecting bank some days after that. Mr. Berg's and Mr. Broyles' efforts to put the deal back together took some additional days.

It was 22 days before Mr. Drake learned about the default from Berg. In the meantime he had been proceeding to implement a planned move to Colorado. He had arranged for an auction sale of his dairy cows and farm machinery; had hauled a truck-load of machinery and fencing materials to Colorado; had borrowed money to ready the Colorado land for cultivation the following spring, intending to repay it from the proceeds of the sale contract; and had sold silage. When the contract fell through he had to postpone the sale and buy hay to replace silage to feed his cows, and otherwise to rearrange his agenda. This showing satisfied the requirement, if it is a requirement, that plaintiff show some damages as a result of buyers' default. *Goldberg v. Charlie's Chevrolet, Inc.,* supra.

The judgment is affirmed.

All concur.